UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAWN M. DELEBREAU,

        Plaintiff,

v.                                                          Case No. 17-C-1221

CHRISTINA DANFORTH, *et al.*,

        Defendants.

## DECISION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Dawn Delebreau, who is representing herself, filed this action in September 2017 against Defendants Cristina Danforth,[1] Melinda Danforth, Geraldine Danforth, Larry Barton, and Jay Fuss, all employees of the Oneida Nation, a federally recognized Indian tribe. Essentially, Delebreau alleges that she was terminated from her position as an administrative assistant at the Oneida Housing Authority because she identified and reported the misuse of housing authority funds. This matter comes before the court on a motion to dismiss the complaint filed by four of the defendants—Cristina Danforth, Larry Barton, Melinda Danforth, and Geraldine Danforth. ECF No. 38. They argue that the complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Also before the court are Delebreau's motion to strike the defendants' reply brief in support of their motion to dismiss (ECF No. 52) and her motion to strike their motion to quash a subpoena (ECF

---

[1] Although the Complaint, the docket, and the caption of this order identify her as "Christina" Danforth, the defendants inform the court that her name is properly spelled "Cristina." ECF No. 38 at 1. I will therefore use that spelling throughout this order.

No. 46). For the reasons set forth below, the defendants' motion to dismiss will be granted, the complaint will be dismissed sua sponte as to Jay Fuss, and Delebreau's motions to strike will be denied.

**BACKGROUND**

These background facts are taken from Delebreau's complaint. ECF No. 1 at 3–4. Delebreau worked as an administrative assistant for the Oneida Housing Authority between March 2009 and March 2013. In January 2013, Delebreau identified purchase requisitions and invoices associated with a home at an address that was not within the housing authority's HUD housing site process. The home was owned by a special projects coordinator for the housing authority. Delebreau contacted the housing authority's purchasing director to report the irregular requisitions. Subsequently, Delebreau was contacted by Cristina Danforth, treasurer for the Oneida Business Committee, and an internal auditor from the Oneida Tribe of Wisconsin. They asked to meet with Delebreau regarding what she had uncovered.

On March 21, 2013, Delebreau was reassigned from her full-time, full-benefits administrative assistant position with the housing authority to a limited-term insurance clerk position reporting to the risk management director. Her new supervisor reported to Larry Barton who, in turn, reported to Cristina Danforth. At an unspecified time, Cristina Danforth explained to Delebreau that she was reassigned to her new position to ensure the integrity of an investigation into irregularities at the housing authority and that reassigning her would avoid bringing the situation to the attention of other Business Committee members and tribal employees. Delebreau signed a two-year contract for her new position based in part on a promise that she would return to a full-time position with benefits after the contract's two-year term. Her new position involved "a very intimidating, unfriendly,

2

uncooperative work environment." *Id.* at 3. In particular, Geraldine Danforth allegedly told Delebreau that she was neither liked nor wanted in her new position because she was a whistleblower.

Delebreau was terminated from her new position in November 2013 for disclosing confidential information at a worker's compensation claim hearing for her son in Oneida Tribal Court. The underlying worker's compensation case involved an allegation that housing authority superintendent Jay Fuss orchestrated the beating of her son following a housing authority training session. Delebreau was reinstated to limited term employment, and in January 2014 she was reassigned once again, this time to the Oneida Museum. She worked there as a cultural interpreter until she was terminated in September 2014. After her second termination, she submitted an online OSHA whistleblower form, notified the FBI in Green Bay, and reported the misappropriation of HUD funds to Senator Tammy Baldwin's office. Jay Fuss was eventually indicted for misappropriating housing authority funds. He pleaded guilty and was sentenced by this court in January 2018. *See United States v. Fuss*, No. 17-CR-92 (E.D. Wis.).

Delebreau asserts that "[e]very one of the people named in [her] complaint have violated [her] civil rights, Labor Law rights, and made [her] feel harassed, intimidated, and less than human, as well as damned for turning this case over to the FBI." ECF No. 1 at 4. She states, "Since this began over 5 years ago, this case has created for me and my children financial debt, mental and emotional hardship, and the destruction of my personal integrity." *Id.* For relief, she requests punitive damages, enactment of a "Native American Whistle Blower Law," prevention of enactment of the "Tribal Labor Regulations Act," and imposition of a requirement that all laws created by tribal governments be promulgated in a particular manner. *Id.*

## ANALYSIS

**A. Motion to Dismiss**

The defendants contend that Delebreau's complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction or, if jurisdiction exists, for failure to state a claim under Rule 12(b)(6). Although the complaint purports to invoke federal question jurisdiction, it fails to identify the provision of the United States Constitution or any federal statute on which the action is based. The complaint does not assert any claim against any of the defendants arising under the United States Constitution or federal law. It will therefore be dismissed for lack of federal jurisdiction.

This court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The existence of federal question jurisdiction . . . must, under the long-standing precedent of the Supreme Court of the United States, be determined from the face of the complaint." *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997) (citing *Bell v. Hood*, 327 U.S. 678, 680–82 (1946)). Although it is also "well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction," an action may nonetheless "be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 1316–17 (internal quotation mark omitted) (quoting *Bell*, 327 U.S. at 682–83). "A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 587 (7th Cir. 2017) (quoting *Hagans v. Lavine*, 415 U.S. 528, 538 (1974)).

Delebreau's complaint alleges violations of her civil rights and "labor law rights." She also asserts that this court has jurisdiction under 28 U.S.C. § 1331 and "Office of Tribal Justice 28 CFR ch I (7-11) editions." ECF No. 1 at 4. This last basis for jurisdiction can immediately be disregarded. She apparently refers to 28 C.F.R. § 0.134, which defines the organization, mission, and function of the Office of Tribal Justice within the United States Department of Justice but does not create a federal cause of action that could give rise to jurisdiction. Delebreau's allegations that her civil rights and rights as an employee were violated are conclusory and fail to state a claim arising under federal law.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Considering first Delebreau's allegation that the defendants violated her civil rights, she fails to state a claim for which relief can be granted in several respects. Under 42 U.S.C. § 1983, an individual may be liable for actions taken under color of state law. But § 1983 does not apply to individuals acting under color of tribal law. *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) ("A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.'" (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th

5

Cir.1983))). The complaint refers to Cristina Danforth, Geraldine Danforth, Larry Barton, and Jay Fuss in their respective capacities as part of the Oneida Housing Authority or the Oneida Tribe itself, meaning Delebreau could not recover from any of them under § 1983.

Moreover, the complaint makes no allegations that any of those four defendants took any actions against Delebreau, and it makes no allegations against Melinda Danforth at all. To state a claim for relief under § 1983, a plaintiff must allege that (1) she was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon her by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.2d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The complaint alleges that Cristina Danforth contacted Delebreau regarding misappropriated funds and explained the reason for her job transfer; that Geraldine Danforth told her she was unwelcome in her position as an insurance clerk; that Jay Fuss orchestrated the beating of her son and was eventually indicted for the misappropriation of funds; and that Larry Barton supervised one of her supervisors and was involved in the appeal process that led to reinstatement of her employment. Nothing about those allegations indicates any deprivation of Delebreau's rights. Because Delebreau also makes no allegations against Melinda Danforth, the complaint fails to state a claim against any defendant for a deprivation of civil rights.

The complaint also fails to state any claim for relief on the grounds that Delebreau was a "whistleblower." Although 5 U.S.C. § 2302(b)(8) prohibits taking adverse employment action for a person who discloses various types of misconduct, including "a gross waste of funds," that section applies only to federal employees, *see* 5 U.S.C. § 2105, and there is no allegation that Delebreau was ever a federal employee.

6

Delebreau likewise fails to state a claim for retaliation or another violation of her rights under Title VII of the Civil Rights Act of 1964, which makes it unlawful for an *employer* "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII prohibits employers both from discrimination and from retaliation for reporting certain types of discrimination. *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000). To state a claim for retaliation, a plaintiff must allege that she (1) opposed an unlawful employment practice; (2) was subsequently subjected to an adverse employment action; and (3) the adverse employment action was caused by the opposition to the unlawful employment practice. *Cullom v. Brown*, 209 F.3d 1034, 1041 (7th Cir. 2000).

The complaint fails to state a Title VII retaliation claim in at least two respects. First, to the extent the complaint alleges retaliation against Delebreau, the retaliation was for her actions exposing misappropriation of funds, rather than the type of discrimination covered by Title VII. Second, the complaint names as defendants only individuals, rather than an *employer* that allegedly retaliated against her. "Title VII authorizes suits against employers, not employees." *Sullivan v. Vill. of McFarland*, 457 F. Supp. 2d 909, 914 (W.D. Wis. 2006) (citing *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995)). Because the complaint names only individuals, rather than Delebreau's employer, any Title VII claim is further deficient.

Any claim for retaliation under the False Claims Act (FCA) would fail for a similar reason. To state a retaliation claim under the whistleblower protection provision of 31 U.S.C. § 3730(h), a plaintiff must allege that (1) she took action "in furtherance of" an FCA enforcement action; (2) her

7

employer had knowledge of her protected conduct; and (3) her discharge was motivated by her engagement in protected conduct. *Fanslow v. Chi. Mfg. Ct., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004). Prior to 2009, "§ 3730(h) protected 'employees' from retaliation by 'employers' and therefore did not provide for individual liability." *United States ex rel. Conroy v. Select Med. Corp.*, 211 F. Supp. 3d 1132, 1157 (S.D. Ind. 2016). Although the FCA was amended in 2009 to omit the word "employer," "[t]he majority of courts . . . take the view that amended § 3730(h) did not expand the class of potential defendants subject to liability for retaliation." *Id.* (citing *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376 (S.D.N.Y. 2012)). Once again, then, the absence of any claim in the complaint against an employer prevents Delebreau from pursuing this avenue for relief.

Delebreau's brief in opposition argues that she is entitled to relief under 41 U.S.C. § 4712. Similar to the FCA, § 4712 provides that certain individuals "may not be discharged, demoted, or discriminated against as a reprisal for disclosing" to certain federal officials "information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of federal funds," or other delineated improprieties. 41 U.S.C. § 4712(a)(1). A person who believes she has been subjected to a prohibited reprisal, however, must submit a complaint to the Inspector General of the relevant executive agency, and any judicial review arising out of the alleged reprisal is contingent on administrative exhaustion. *Id.* § 4712(b)–(c). Because Delebreau has not alleged that she ever submitted a complaint to any Inspector General, any claim for reprisal under this section must also fail.

As a whole, Delebreau's complaint fails to state any cognizable claim for relief against any defendant. Although the complaint contains multiple allegations that she was not only reassigned to inferior positions but also terminated from employment on two occasions, nothing in the

8

complaint associates those adverse employment actions with particular defendants. Indeed, of the four defendants against whom she makes allegations at all, she makes no allegation that any defendant did more than communicate with her.

In short, Delebreau alleges she was wrongfully terminated from her employment with the Oneida Nation due to the unspecified activities of several officer's or employees of the Nation. Federal law recognizes and promotes the authority of sovereign Indian tribes to control their own economic enterprises. *Duke v. Absentee Shawnee Tribe of Okla. Housing Auth.*, 199 F.3d 1123, 1125 (10th Cir. 1999). Indeed, it has been long established that Indian tribes are "distinct, independent political communities, retaining their original natural rights" in matters of local self-government. *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515, 559 (1832). Tribal sovereign immunity protects Indian tribes from suit in their governmental activities, as well as their commercial activities, absent express authorization by Congress or clear waiver by the tribe. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). Further, tribal sovereign immunity "extends to tribal officials when acting in their official capacity and within the scope of their authority." *Linneen v. Gila River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002); *Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 726–27 (9th Cir. 2008). Delebreau cites no federal statute or constitutional provision that overcomes the immunity of the Oneida Nation and its officers and employees to hire and fire tribal employees without outside interference. Consequently, Delebreau's complaint will be dismissed in its entirety.

**B. Motions to Strike**

Also before the court are two motions by Delebreau to strike filings by the defendants. ECF Nos. 52, 54. On March 20, 2018, Delebreau first filed a motion to strike the reply brief (ECF No. 49) filed by Barton and the Danforths in support of their motion to dismiss. ECF No. 52. She

9

asks the court to strike the reply brief because, "[o]n March 13, 2018, the Defendant's [sic] provided Doc#49 to Chambers because Doc#49 was not previously provided." *Id.* The defendants counter that they timely filed their reply brief on February 14, 2018, and provided the court with a courtesy copy by mail on March 13, 2018. ECF No. 53 at 1. Delebreau filed her first brief in opposition to the motion to dismiss on January 31, 2018. Under Civil Local Rule 7(c), the defendants' February 14, 2018 filing of their reply brief was therefore timely. This motion to strike will be denied.

Delebreau has also filed a motion to strike the defendants' motion to quash a subpoena that Delebreau served upon Dennis Nelson. ECF No. 54 (citing ECF No. 46). This motion will be denied as moot. The court has already entered an order (ECF No. 47) granting the motion to quash the subpoena, which was inconsistent with the stay of discovery that the court ordered while the defendants' motion to dismiss is pending.

**IT IS THEREFORE ORDERED** that Delebreau's motions to strike (ECF Nos. 52, 54) are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss (ECF No. 38) filed by Larry Barton, Cristina Danforth, Geraldine Danforth, and Melinda Danforth is **GRANTED**. All claims against Jay Fuss are also **DISMISSED** sua sponte. This case is **DISMISSED** for lack of federal jurisdiction and the Clerk of Court shall enter judgment accordingly.

Dated this 5th day of June, 2018.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court